

July 14, 2022

**VIA ECF**

Honorable Judge Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    **Re:**    Caption:    *Gannon v. 78 Orchard Street LLC, et al.*
               Civil Action No.:   1:22-cv-01643

Hon. Judge Broderick:

    This firm represents the defendants 78 Orchard LLC and Orchard Grocer Inc. (collectively, "Defendants") in the above-referenced matter. This letter motion is submitted pursuant to Rules 1.A & G of Your Honor's Individual Practice Rules, to request that this Court dismiss this case with prejudice for failure not only to prosecute but engage with counsel at all and comply with the Case Management Plan and Scheduling Order [Doc. No. 23], or at a minimum, stay the deadlines in this matter, until Plaintiff participates in the matter he initiated.

    If Your Honor prefers full briefing on this matter, Defendants are prepared to do so, however, Defendants are trying to limit their costs during these trying times.

    We are here again because of repeated and unanswered attempts the undersigned has taken to contact Plaintiff's counsel to fully confer as required by Rule 26(f) and to further discuss the above-referenced case. The only correspondence with Plaintiff's counsel to date are several emails exchanged on or about April 29, 2022, regarding the case management plan's deadlines, and on June 7, 202 – the date the Court ordered Plaintiff to file a joint status letter [Doc. No. 20, May 31, 2022] – and no earlier, again regarding the updated case management plan. On this call, though the undersigned attempted to discuss settlement, Plaintiff's counsel was not able to, but claimed he would be sending us a settlement demand shortly. To date, we have yet to receive a single communication from Plaintiff's counsel, let alone a settlement demand. I have followed several times, both by phone and email, since the June 7, 2022, call to no avail.

    Plaintiff also failed to send Defendants his initial disclosures by July 13, 2022, as required by the Case Management Plan and Scheduling Order [Doc. No. 23]. Defendants sent theirs timely as required by the same.

    Defendants should not be forced to help Plaintiff prosecute his own case. The initial extension of deadlines in the updated case management plan [Doc. No. 22] was to avoid incurring further unnecessary legal fees and attempt to amicably resolve this matter without further Court intervention. The Court stated a very clear message that if Plaintiff otherwise

demonstrated he did not intend to prosecute, that the Court may dismiss for lack of prosecution. [Doc. No. 20]. Plaintiff's actions, or lack thereof, demonstrate just that.

Defendants are small business owners who have suffered through the COVID-19 pandemic and every dollar counts. A dismissal with prejudice here is appropriate, and thus Defendants respectfully request as much. Alternatively, Defendants respectfully request the deadlines in this matter be stayed, and the case management plan should be updated by a date to be set by the Court. If the Court so orders, we will confer with Plaintiff and his counsel once again to propose another case management plan with updated deadlines.

We appreciate the Court's time and consideration of this request, and should the Court need anything further, the undersigned can be available at the Court's convenience.

Respectfully Submitted,

HELBRAUN & LEVEY LLP

/s/ Michelle C. Malone
Michelle C. Malone, Esq.
40 Fulton St., 28th Fl.
New York, New York 10038
(212) 219-1193
*Attorneys for Defendants*

On or before July 22, 2022, Plaintiff is ordered to submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is warned that failure to submit a letter will result in dismissal of this action.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

July 15, 2022